UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

EAGLE AIR MED CORPORATION, and VALLEY MED FLIGHT,

Plaintiffs,

v.

SENTINEL AIR MEDICAL ALLIANCE, et al.,

Defendants.

Case No. 2:18-cv-00680-JCM-PAL

**ORDER**

(Mot. Seal/Redact – ECF No. 2)

This matter is before the court on Plaintiffs Eagle Air Med Corporation and Valley Med Flight's Motion to File Motion to Compel Further Deposition Testimony in Redacted Form (ECF No. 2) ("Sealing Motion"). The Sealing Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

## BACKGROUND

On April 13, 2018, Plaintiffs filed a Motion to Compel Further Deposition Testimony (ECF No. 1) of non-party AC Global Medical Transports ("AC Global") in connection with litigation currently pending in the United States District Court for the District of Utah, Case No. 2:16-cv-00176-TC ("Utah Litigation"). Plaintiffs filed a redacted version (ECF No. 1) accessible on the public docket and an unredacted version (ECF No. 1-1) under seal. In support of the Motion to Compel, Plaintiffs seek to maintain the confidentiality of certain AC Global deposition testimony that has been designated confidential.

The Sealing Motion seeks leave to publicly file the redacted version while keeping the unredacted version under seal. Plaintiffs assert that a standard protective order is in place in the Utah Litigation, which "protects the disclosure of information designated as confidential." Sealing Mot. at 2 (citing D. Utah Civil Rule 26-2(a)(l) (adopting a standard protective order to prevent

1

delay and automatically applying this rule "in every case involving the disclosure of any information designated as confidential")). The portions of the Motion to Compel Plaintiffs seek to file under seal and to redact "correspond to testimony that AC Global has designated as confidential." *Id*. "Accordingly, Plaintiffs seek leave to maintain the confidentiality of the designated testimony." *Id*.

## DISCUSSION

### I.   THE SEALING MOTION

The party who designates documents confidential is required to meet the standards articulated by the Ninth Circuit in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), to overcome the presumption of public access to judicial files, records, motions, and any exhibits. *See also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016) (finding that the standards courts apply to sealing requests turn on the relevance of the documents to the substantive merits of a case—not on the relief sought); LR IA 10-5(b) ("The court may direct the unsealing of papers filed under seal, with or without redactions, after notice to all parties and an opportunity to be heard.").[1] Under *Kamakana* and its progeny, a party must make a particularized showing to overcome the presumption of public access. *Kamakana*, 447 F.3d at 1178–79.

Protective orders and sealed filings are "the primary means by which the courts ensure full disclosure of relevant information, while still preserving the parties' (and third parties') legitimate expectation that confidential business information, proprietary technology and trade secrets will not be publicly disseminated." *In re Adobe Sys., Inc., Sec. Litig.*, 141 F.R.D. 155, 161–62 (N.D. Cal. 1992) (citation omitted). Blanket protective orders may require the parties to file certain documents under seal when they contain confidential or otherwise sensitive business information. *IMAX Corp. v. Cinema Tech., Inc.*, 152 F.3d 1161, 1168 n.9 (9th Cir. 1998). However, such orders

---

[1]   Only those portions of the motion that contain specific reference to confidential documents or information, and the exhibits that contain such confidential information, should be filed under seal. *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003). The remainder of the motion, and other exhibits that do not contain confidential information, should be filed as publicly-accessible documents. *Id*. Here, Plaintiffs narrowly tailored their sealing request by filing a redacted version (ECF No. 1) of the Motion to Compel.

alone do not justify sealing court records.  *See, e.g.*, *Foltz*, 331 F.3d at 1133 (noting that reliance on a blanket protective order, without more, will not make a showing of good cause); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475–76 (9th Cir. 1992) (explaining that stipulated blanket protective orders are over inclusive by nature and do not include a finding of good cause).

Blanket protective orders are designed to facilitate discovery exchanges; they do not provide a finding that any specific documents are secret or confidential to overcome the presumption of public access.  *Kamakana*, 447 F.3d at 1183 (addressing the "the hazard of stipulated protective orders," and noting they often "purport to put the entire litigation under lock and key without regard to the actual requirements of Rule 26(c)").  Because a blanket protective order does not contain a particularized finding to keep any specific document confidential, the mere fact that a court has entered a blanket protective order, and that a party has designated a document confidential pursuant to that protective order, does not establish cause for sealing a particular document.  *Foltz*, 331 F.3d at 1133; *Beckman Indus.*, 966 F.2d at 475–76.  The party designating any document(s) as confidential must submit a memorandum of points and authorities presenting articulable facts that identify the interests in favor of the documents' continued secrecy and showing that those specific interests outweigh the public's interests in transparency.

The court will allow the subject filing to remain sealed temporarily so that the parties and their counsel may confer about what, if any, portions of the exhibits should be sealed.  If any party determines that the filing should remain sealed, that party will be required to file an appropriate memorandum of points and authorities or motion to file under seal on or before **June 20, 2018**, making a particularized showing why the documents should remain under seal.  Pursuant to *Kamakana* and its progeny, any memorandum of points and authorities must set forth either good cause or compelling reasons to support the sealing request.

## II.    THE UNREDACTED MOTION TO COMPEL

Upon review, the court notes two errors in the unredacted sealed version (ECF No. 1-1) of Plaintiffs' Motion to Compel that require redress: (i) pages two and three of the motion are missing, and (ii) the deposition transcript of Jeffrey Frazier (attached as Exhibit C) contains redactions, *see* Unredacted Exhibits (ECF No. 1-4) at 28.  Thus, Plaintiffs shall refile the unredacted version of

the Motion to Compel under seal addressing the noted deficiencies.

Accordingly,

**IT IS ORDERED:**

1. With respect to filing documents under seal, the parties must comply with: (i) the Local Rules of Practice regarding electronic filing and filing under seal, (ii) the Ninth Circuit's opinions in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny, and (iii) the appropriate CM/ECF filing procedures.

2. The Unredacted Motion to Compel (ECF No. 1-1) referenced in the Sealing Motion shall remain under seal until **June 20, 2018**.

3. The parties shall have until **June 20, 2018**, to CONFER about what, if any, portions of the motion, exhibits, etc., should remain sealed and FILE either: (i) an appropriate memorandum of points and authorities indicating that the documents should remain under seal, or (ii) a notice indicating that the documents do not require sealing.

4. To support any sealing request, the memorandum must make a *particularized* showing why the documents or redacted portion thereof should remain under seal. The memorandum may also include a supporting declaration or affidavit, a proposed order, and, if applicable, a proposed redacted version of the filing.

5. Any party asserting confidentiality must file a memorandum on or before **June 20, 2018**. If no memorandum is timely filed in compliance with this Order, the Clerk of the Court will be directed to unseal the documents to make them available on the public docket.

6. By **June 20, 2018**, Plaintiffs shall REFILE an unredacted *full* version of the Motion to Compel under seal, including exhibits, and LINK the new filing in CM/ECF to the original Motion to Compel (ECF No. 1).

Dated this 6th day of June, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

4