UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| EAGLE AIR MED CORPORATION, et al.,<br><br>Plaintiffs,<br>v.<br>SENTINEL AIR MEDICAL ALLIANCE, et al.,<br><br>Defendants. | Case No.2:18-cv-00680-JCM-PAL<br><br>**ORDER**<br><br>(Mot Compel – ECF No. 1;<br>Mot File Redacted Form – ECF No. 8) |

This is a miscellaneous action filed to compel a non-party, AC Global Medical Transports ("AC Global"), to provide further deposition testimony in a case pending in the District of Utah, Case No. 2:16-cv-00176-TC, *Eagle Air Med Corp. v. Sentinel Air Medical Alliance and Jeffrey Frazier*.

**BACKGROUND**

The case was initiated when a Motion to Compel (ECF No. 1) was filed April 13, 2018, along with a Motion to File the Motion to Compel in Redacted Form (ECF No. 2). Proof of Service (ECF No. 4) was filed May 2, 2018 indicating that a private investigator served non-party AC Global with a conformed copy of the plaintiffs' Motion to File Motion to Compel Further Deposition Testimony from AC Global Medical Transports in Redacted Form; Plaintiffs' Motion to Compel Further Deposition Testimony from AC Global Medical Transports (Redacted Version), Exhibits A-D; and Plaintiff's Motion to Compel Further Deposition Testimony from AC Global Transports (Unredacted Version), Exhibits A-D on Chuck Veta as Chief Flight Nurse of AC Global. The documents were served on AC Global at 8775 Aero Drive, Suite 120, in San Diego, California.

The motion to compel is filed by plaintiffs in the pending District of Utah action, Eagle Air Medical Corporation ("Eagle Air") and Valley Med Flight Inc. ("Valley Med"). The motion

represents that plaintiffs are in the business of providing air medical transport services. Many of the patients Eagle Air transports have insurers and administrators that engage defendants Sentinel Air Medical Alliance ("Sentinel Air") and Jeffrey Frazier ("Frazier") to determine whether the transports Eagle Air provided were medically necessary, and whether the charges billed were reasonable. The motion represents that Sentinel Air and Frazier provided review letters in which they made a number of false and defamatory statements about Eagle Air that form the basis of plaintiffs' defamation and tortious interference claims in the Utah action.

The motion to compel asserts that Sentinel Air and Frazier rely on "several data points" including a comparison of Eagle Air's charges with what a competing air ambulance provider would have charged for the same transport. However, the review letters do not identify the competing provider by name. Eagle Air seeks discovery from AC Global of the names of the competing providers to determine the truth or falsity of the review letters' claims. Eagle Air attempted to get the names of these competing providers from defendants, but Frazier testified in his deposition in the underlying case that he did not know. He also testified the defendants obtained quotes used in approximately six review letters from AC Global. Eagle Air therefore served AC Global with a subpoena to testify at a deposition scheduled on January 24, 2018, at 9:30 a.m., at the law offices of McDonald Carano in Las Vegas, Nevada. Milan Floribus reportedly appeared as AC Global's Rule 30(b)(6) designee. However, he refused to identify the names of air ambulance providers that AC Global obtained the quotes from that were used by Sentinel Air and Frazier in their review letters.

The motion is supported by the declaration of attorney Rachel Lassig who states she attempted to resolve this matter in good faith before filing the motion to compel by sending a letter via certified mail and email to AC Global on March 29, 2018, and April 2, 2018, respectively. She also "reached out" to AC Global and Mr. Floribus by telephone on April 4, 2018, requesting the name of the air ambulance providers that Mr. Floribus obtained rates from on behalf of the defendants. However, Mr. Floribus reasserted his objection that the information was irrelevant and plaintiffs were embarking on a "fishing expedition." On April 5, 2018, Ms. Lassig followed up with an email requesting Mr. Floribus provide contact information for his attorney. However,

as of the date the motion was filed, neither AC Global nor Mr. Floribus provided the requested information, or contacted plaintiffs or their counsel.

Eagle Air offered to designate the information as "Confidential Attorneys Eyes Only" and narrow the scope of the names of air ambulance providers located in Michigan and Wisconsin, but AC Global would still not agree to produce the information.

The motion is also supported by the attached Exhibits B–D, which consist of excerpts of the deposition of Mr. Floribus, excerpts of the deposition of Jeffrey Frazier, and a form standard protective order for the District of Utah. The form standard protective order does not bear the case caption of the underlying case or contain any indication that it was filed in the case, but counsel for Eagle Air alleges it is binding on the parties in the District of Utah case.

**DISCUSSION**

The court finds the motion is deficient in multiple respects and will therefore deny it. The motion is not supported by a memorandum of points and authorities and cites only the provisions of Rule 26 of the Federal Rules of Civil Procedure[1] as it existed prior to the 2015 amendments to the rule. Eagle Air argues that Rule 26(b) broadly permits a party to discovery "any non-privileged matter that is relevant to any party's claims or defense" or information that "appears reasonably calculated to lead to the discovery of admissible evidence." However, Rule 26(b)(1) was amended effective December 1, 2015, to address the problem of overbroad, abusive, and expensive discovery. *See* Advisory Committee Notes to 2015 Amendment. Rule 26(b)(1) now provides:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

Exhibit A is a copy of the subpoena to testify at the deposition, which contains no proof of service or proof that it was issued by this or any other court. The face of the subpoena does not request the production of any documents from AC Global. However, topic 1 of the attached

---

[1] Any reference to a "Rule" or "Rules" in this order refer to the Federal Rules of Civil Procedure.

deposition notice requests testimony regarding a subpoena to produce documents and information issued by Eagle Air and Valley Med in this matter that was purportedly served on AC Global on August 15, 2017. The remaining deposition topics are extremely broad and request:

    2. Documents produced in this litigation that refer or relate to AC Global.
    3. Communications with Sentinel and/or Frazier from January 2013 through the present.
    4. Services provided by AC Global to Sentinel and/or Frazier from January 2013 through the present.
    5. Agreements between AC Global and Sentinel and/or Frazier.
    6. Statements made by Sentinel and/or Frazier about AC Global.
    7. Communications regarding or concerning Eagle Air Med or Valley Med Flight.
    8. Communications with Air Medical Resources Group, Eagle Air Med or Valley Med Flight.

The motion does not indicate why the deposition of Mr. Floribus was taken in Las Vegas, nor even whether AC Global has an office within 100 miles of this courthouse. The motion does not allege that Mr. Floribus or AC Global have minimum contacts with the State of Nevada sufficient to comport with due process to give this court jurisdiction over them. As indicated, AC Global was served with documents concerning this motion in San Diego, California.

The deposition topics are extremely broad. Many of them have no temporal, geographic or subject matter limitation. The court finds that the deposition notice does not comply with the requirements of Rule 30(b)(6), which requires a party seeking discovery from a corporation, partnership, association or entity to "describe with reasonable particularity the matters for examination." Significantly, none of the overbroad deposition topics in the deposition notice attached to the motion request identification of the names of air ambulance providers from whom AC Global obtained rate quotes and provided to Sentinel Air or Frazier. The motion does not explain what time period or geographic area is involved in the claims in the underlying complaint allegations.

The motion provides very little information about the nature of the underlying lawsuit. It states only that the *defendants* have allegedly made defamatory statements and engaged in tortious

interference in some unspecified way. The court infers plaintiffs claim that the defendants made statements in review letters about competing air ambulance providers that are not true, and which harmed plaintiffs' relationship with customers. However, the motion does not explicitly articulate what plaintiffs' claims are, or what defamatory statements were allegedly made. Assuming plaintiffs claim that defendants made false statements about what other air ambulance providers charge for similar services in review letters, it is the *defendants*' knowledge of the truth or falsity of information received from AC Global that would be relevant to plaintiffs' claims.

Since the late 1970s the Supreme Court and the Advisory Committee to the Federal Rules of Civil Procedure have been urging trial courts to exercise their broad discretion to limit and tailor discovery to avoid abuse and overuse.

In 1983, Rule 26 was amended to add subsection (g), which provides that a lawyer filing a discovery request, response or objection certifies by signing the document that it is "not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 26(g)(1)(B)(ii). A lawyer signing a discovery document also certifies that it is "neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action." Fed. R. Civ. P. 26(g)(1(B)(iii).

The Advisory Committee Notes for the 1983 amendments to Rule 26 emphasize that the elements of Rule 26(b)(1)(iii) were intended to address the problems of disproportionate discovery. Federal judges were urged to evaluate the nature of the case, the limitations on a financially weak litigant to bear the burden of expensive discovery, and the need to prevent discovery from becoming a "war of attrition or as a device to coerce a party, whether financially weak or affluent." 97 F.R.D. 165, 218 (1983). Rule 26(g) was added to address the reluctance of judges to impose sanctions on attorneys who abuse the discovery rules. *See* Wayne D. Brazil, *Civil Discovery: Lawyers' Views of its Effectiveness, Principal Problems and Abuses*, 1980 Am. Bar Found. Res. J. 787 (1980). As one well-respected treatise observed, "Rule 26(b) was amended in 1983 to promote judicial limitation of the amount of discovery on a case-by-case basis to avoid abuse or overuse of discovery through the concept of proportionality." 8 Charles Alan Wright & Arthur R.

Miller, *Federal Practice & Procedure* § 2008.1 (3d ed. 2015). The Advisory Committee notes reported that "Ruled 26(g) makes explicit the authority judges now have to impose appropriate sanctions and requires them to use it. This authority derives from Rule 37, 28 U.S.C. § 1927, and the court's inherent power." (citation omitted.)

By 1997, nearly one-third of the lawyers surveyed by the Federal Judicial Center endorsed narrowing the scope of discovery as a means of reducing litigation expense. *See* Donna Stienstra, *Implementation of Disclosure in United States District Courts, with Specific Attention to Courts' Responses to Selected Amendments to Federal Rule of Civil Procedure 26*, Federal Judicial Center (Mar. 30, 1998) at 7 n.7.

In 1998, the Supreme Court wrote that "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 599 (1998). The Supreme Court recognized that under Rule 26(b)(2), the trial court may, on its own motion, limit the frequency or extent of use of discovery methods if it determines the burden or expense of proposed discovery outweighs its likely benefits. *Id*. Rule 26(c) gives the trial court authority on motion, or on its own initiative, to limit the time, place, and manner of discovery, or bar discovery altogether on certain subjects, as required "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id*. Similarly, under Rule 26(d), the court may set the timing and sequence of discovery. *Id*. The *Crawford-El* decision emphasized that the trial court has broad discretion under Rule 26 in managing discovery "to facilitate prompt and efficient resolution of the lawsuit." *Id.*

In 2000, Rule 26 was again amended to call attention to the limitations of Rule 26(b)(2)(C). The Advisory Committee Notes indicate that the committee was repeatedly told "that courts have not implemented these limitations with the vigor that was contemplated." 192 F.R.D. 340, 390 (2000). Thus, Rule 26 was amended to add an "otherwise redundant cross-reference . . . to emphasize the need for active judicial use of subdivision (b)(2) to control excessive discovery." *Id.* (citing *Crawford-El*, 523 U.S. at 598).

/ / /

/ / /

In 2015 Chief Justice John Roberts issued his Year-End Report on the Federal Judiciary in which he addressed at length the 2015 amendments to the Federal Rules of Civil Procedure.[2] The Chief Justice traced the "elaborate and time-consuming" procedure for promulgating and amending the rules which began in 2010 when the Advisory Committee on the Civil Rules sponsored a symposium on civil litigation attended by federal and state judges, law professors, plaintiff and defense lawyers, and representatives from business, government, and public interest organizations. The symposium identified the need for procedural reforms to: (1) encourage greater cooperation; (2) focus discovery on what is truly needed to resolve cases; (3) engage judges in early and active case management; and (4) address serious problems associated with vast amounts of electronically stored information. *Id*. at 4–5.

The Chief Justice's Report wrote that the changes that went into effect on December 1, 2015, "may not look like a big deal at first glance, but they are." *Id*. at 5. It was the reason he decided to highlight them in his report. Rule 1 was expanded to add eight words to emphasize "the obligation of judges and lawyers to work cooperatively in controlling the expense and time demands of litigation." *Id*. at 5–6. Rule 1 now directs that the Federal Rules "should be construed, administered, *and employed by the court and the parties* to secure the just, speedy, and inexpensive determination of every action and proceeding." *Id*. at 6 (emphasis in original). Chief Justice Roberts stated that lawyers representing adverse parties "have an affirmative duty to work together, and with the court, to achieve prompt and efficient resolutions of disputes." *Id*.

The 2015 amendments to Rule 26(b)(1) emphasize the need to impose "reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." *Id*. The fundamental principle of amended Rule 26(b)(1) is "that lawyers must size and shape their discovery requests to the requisites of a case." *Id*. at 7. The pretrial process must provide parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery. This requires active involvement of federal judges to make decisions regarding the scope of discovery.

---

[2] Chief Justice John Roberts, 2015 Year-End Report on the Federal Judiciary (Dec. 31, 2015), *available at* http://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf.

7

Chief Justice Roberts observed that the 2015 amendments to the civil rules "are a major stride towards a better federal court system," but accomplishing the goal of Rule 1 will only occur "if the entire legal community, including the bench, bar, and legal academy, step up to the challenge of making real change." *Id*. at 9.  He appealed to judges "to take on a stewardship role, managing their cases from the onset rather than allowing parties alone to dictate the scope of discovery" and to actively engage in early case management to "identify the critical issues, determine the appropriate breadth of discovery, and curtail dilatory tactics, gamesmanship, and procedural posturing." *Id*. at 10–11.  He beseeched judges and lawyers to "engineer a change in our legal culture that places a premium on the public's interest in speedy, fair, and efficient justice." *Id*. at 11.

The court wholeheartedly agrees that a change in the legal culture in conducting civil discovery is long overdue.  In addition to the other deficiencies noted in this order movants have not shown that the additional discovery sought from non-party AC Global and/or Mr. Floribus is relevant to plaintiffs' claims and proportional to the needs of their case considering the factors in Rule 26(b)(1) as amended.

For these reasons,

**IT IS ORDERED**:

1. Plaintiffs' Motion to Compel Further Deposition Testimony from AC Global (ECF No. 1) is **DENIED.**
2. Plaintiffs' Motion for File Motion to Compel Further Deposition Testimony from AC Global Medical Transports in Redacted Form (ECF No. 8) is **GRANTED.**

DATED this 10th day of July, 2018.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE