UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| EAGLE AIR MED CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SENTINEL AIR MEDICAL ALLIANCE, et al., <br><br> Defendants. | Case No.2:18-cv-00680-JCM-PAL <br><br> **ORDER** <br><br> (Mot Reconsider – ECF No. 14) |

This is a miscellaneous action filed to compel a non-party, AC Global Medical Transports ("AC Global"), to provide further deposition testimony in a case pending in the District of Utah, Case No. 2:16-cv-00176-TC, *Eagle Air Med Corp. v. Sentinel Air Medical Alliance and Jeffrey Frazier*.

**BACKGROUND**

The case was initiated when a Motion to Compel (ECF No. 1) was filed April 13, 2018, along with a Motion to File the Motion to Compel in Redacted Form (ECF No. 2). Proof of Service (ECF No. 4) was filed May 2, 2018 indicating that a private investigator served non-party AC Global with a conformed copy of the plaintiffs' Motion to File Motion to Compel Further Deposition Testimony from AC Global Medical Transports in Redacted Form; Plaintiffs' Motion to Compel Further Deposition Testimony from AC Global Medical Transports (Redacted Version), Exhibits A-D; and Plaintiff's Motion to Compel Further Deposition Testimony from AC Global Transports (Unredacted Version), Exhibits A-D on Chuck Veta as Chief Flight Nurse of AC Global. The documents were served on AC Global at 8775 Aero Drive, Suite 120, in San Diego, California. The court carefully reviewed the motion and for reasons explained in a written decision and Order (ECF No. 10) entered July 10, 2018 denied it.

This Motion to Reconsider (ECF No. 14) was filed 60 days after the order denying the initial motion to compel was entered. The motion states it addresses issues raised by the court in its Order (ECF No. 10) "by, among other things, providing a more comprehensive factual background and additional legal authority and analysis" in an attempt to show that plaintiffs are entitled to the discovery they initially sought. The court has considered plaintiff's motion and Motion to Seal Exhibit K to the Motion to Reconsider (ECF No. 13).

A district court "possesses the inherent procedural power to reconsider, rescind, or modify" an order for sufficient cause. *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001) (internal citation omitted); *WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1059 (9th Cir. 2011) (citing Fed. R. Civ. Pro. 54(b) (an order that adjudicates fewer than all the claims or all parties' rights and responsibilities "may be revised at any time before the entry of a judgment"). Rule 54 of the Federal Rules of Civil Procedure also permits a court to reconsider and amend a previous order. *See* Fed. R. Civ. P. 54(b). However, reconsideration is "an extraordinary remedy, to be used sparingly and in the interest of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citation omitted); *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364 n.5 (9th Cir. 1989) ("[T]he orderly administration of lengthy and complex litigation such as this requires the finality of orders be reasonably certain.").

A motion for reconsideration "should not be granted, absent highly unusual circumstances," unless: (i) the movant presents the court newly discovered evidence; (ii) the court committed clear error, or the initial decision was manifestly unjust; or (iii) there is an intervening change in controlling law. *Nunes v. Ashcroft*, 375 F.3d 805, 807–08 (9th Cir. 2004) (quoting *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier." *Kona Enterprises*, 229 F.3d at 890 (emphasis in original).

The motion to reconsider purportedly "provides a more robust factual background and additional legal authority and analysis showing that reconsideration of the Order is appropriate." Plaintiffs have made no attempt to meet the standard for reconsideration. The motion does not

present the highly unusual situation where reconsideration is appropriate. Rather plaintiffs seek a second bite of the apple to raise arguments, and present factual background and legal authority that could have been and should have been raised in the initial motion. The court has more than 700 active cases with approximately 150 motions pending at any given time. Reconsidering motions because a litigant did not adequately support the relief requested the first time wastes judicial resources and delays the court's decision of pending matters of other litigants patiently waiting their turn.

Having reviewed and considered the matter,

**IT IS ORDERED**:

1. Plaintiffs' Motion to Reconsider the Order Denying Plaintiffs' Motion to Compel Further Deposition Testimony from AC Global Medical Transports (ECF No. 14) is **DENIED.**

2. Plaintiffs' Motion for Leave to Seal Exhibit K to Motion to Reconsider the Order Denying Plaintiff's Motion to Compel Further Deposition Testimony from AC Global Medical Transports (ECF No. 13) is **GRANTED.**

3. **The Clerk of Court is directed to close this case.**

DATED this 17th day of October 2018.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE