# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EAGLE AIR MED CORPORATION, et al., | Case No. 2:18-CV-680 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| SENTINEL AIR MEDICAL ALLIANCE, et al., | |
| Defendant(s). | |

Presently before the court is plaintiffs Eagle Air Med Corporation ("Eagle Air Med") and Valley Med Flight Inc.'s ("Valley Med") (collectively "plaintiffs") objection to Magistrate Judge Peggy A. Leen's orders. (ECF No. 19). Defendants Sentinel Air Medical Alliance and Jeffrey Frazier (collectively "defendants") did not file a response and the time to do so has passed.

**I.  Facts**

This is a miscellaneous action that is related to litigation in Utah in which plaintiffs allege that defendants made false and defamatory statements about plaintiffs' air ambulance services. (ECF No. 19). In brief terms, defendants allegedly told plaintiffs' customers that plaintiffs charges were "egregious" "in comparison to charges by other providers." *Id*.

Through the course of discovery, plaintiffs learned that defendants' statements were based on rate quotes defendants obtained from competing providers or from Milan Floribus at AC Global Medical Transports ("AC Global"). *Id*. To prove that the statements were false, which is an element of plaintiffs' claims, plaintiffs deposed AC Global. *Id*. Floribus voluntarily appeared for the deposition but refused to provide the identities of the air ambulance providers from whom he obtained rate quotes. *Id*.

**James C. Mahan**
**U.S. District Judge**

Plaintiffs then initiated this miscellaneous action and file a motion to compel further deposition testimony from AC Global regarding its sources for rate quotes. *Id*. The magistrate judge denied plaintiffs' motion, holding that plaintiffs' requested discovery was not relevant and proportional to the Utah litigation. *Id*. Plaintiffs filed a motion for reconsideration, which the magistrate judge also denied. *Id*. Now, plaintiffs have objected to the magistrate judge's orders and request the court to grant the discovery that plaintiffs seek. *Id*.

**II.     Legal Standard**

Under Federal Rule of Civil Procedure 72(a), aggrieved parties may file objections to the rulings of a magistrate judge in non-dispositive matters. Fed. R. Civ. P. 72(a). For a party to prevail on an objection pursuant to Rule 72(a) the movant must show that "the magistrate judge's order is clearly erroneous or contrary to law." LR IB 3–1(a); 28 U.S.C. § 636(b)(1)(A). Under this standard, courts review factual determinations for clear error and legal conclusions *de novo*. *United States v. McConney*, 728 F.2d 1195, 1200–1201 (9th Cir. 1984) (overruled on other grounds by *Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991)

**III.    Discussion**

The magistrate judge denied plaintiffs' motion to compel on three grounds: (1) the discovery was not relevant and proportional; (2) the motion was incomplete or otherwise deficient; and (3) the court does not have personal jurisdiction over Floribus and AC Global. (ECF No. 10). The court addresses each in turn.

*a. Relevance and proportionality*

"Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "[T]he scope of permissible discovery under Rule 26 is 'broad.'" *Republic of Ecuador v. Mackay*, 742 F.3d 860, 866 (9th Cir. 2014) (quoting *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993)). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "A party or any person from whom discovery is sought may move for a protective order in the court" on the grounds of "annoyance, embarrassment, oppression, or under burden or expense." Fed. R. Civ. P. 26(c).

The discovery that plaintiffs seek is relevant because they are inquiring about an essential element of their claims for defamation, false light, and tortious interference—the falsity of defendants' and AC Global's statements regarding plaintiffs' charges for air ambulance services. *See* (ECF No. 19). Deposing AC Global and Floribus is also proportionate to the needs of the case because AC Global has admitted that it did not retain any documents pertaining to the truth of its statements. *Id.* Moreover, the cost of the proposed discovery is *de minimis* because plaintiffs are willing to travel to a convenient location within a few miles of Floribus' home. *Id.*

   b. *Motion was incomplete or otherwise deficient*

The magistrate judge held that the plaintiffs' motion was deficient on two grounds: (1) plaintiffs did not properly support their motion with points and authorities and (2) plaintiffs did not properly serve a deposition notice and subpoena on AC Global. (ECF No. 10). A cursory review of the motion shows that the magistrate judge's findings were clearly erroneous. Plaintiffs' motion includes points and authorities and has a certificate of service. *See* (ECF No. 1).

   c. *Personal jurisdiction*

The magistrate judge also held that the court does not have specific jurisdiction over Floribus and AC Global. (ECF No. 10). The court disagrees.

Specific jurisdiction arises where sufficient contacts with the forum state exist such that the assertion of personal jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co.*, 326 U.S. at 316 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The Ninth Circuit has established a three-prong test for analyzing an assertion of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). "The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.* (citations omitted).

Mr. Floribus, the co-owner of AC Global, purposefully availed himself of the privileges of conducting activities in Nevada by specifically requesting that the deposition take place in Las Vegas, Nevada. (ECF No. 19). Thus, Floribus' has created "a 'substantial connection' with the forum state." *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015) (citation omitted).

Exercising jurisdiction over Floribus and AC Global would also be reasonable because Floribus resides in Henderson, Nevada, and has not objected to the court's jurisdiction. (ECF No. 19). Moreover, Floribus has already attended a previous deposition in this forum. *See Favale v. Roman Cathoic Dicese of Bridgeport*, 233 F.R.D. 243, 245 n.1 (D. Conn. 2005) (holding that a court has personal jurisdiction because the nonparty witness voluntarily appeared and testified at her deposition).

In sum, the magistrate judge's orders were contrary to law and based on clearly erroneous factual findings. The court will grant plaintiffs' objection.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' objection to Magistrate Judge Peggy A. Leen's orders (ECF No. 19) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the court's July 10, 2018, and October 17, 2018, orders (ECF Nos. 10, 17) be, and the same hereby are, VACATED.

IT IS FURTHER ORDERED that the clerk's judgment (ECF No. 18) be, and the same hereby is, VACATED.

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that plaintiffs' motion to compel (ECF No. 1) be, and the same hereby is, GRANTED.

DATED May 7, 2019

_____
UNITED STATES DISTRICT JUDGE